IN THE EIGHTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR SEMINOLE COUNTY
STATE OF FLORIDA
CIVIL DIVISION

SHAREN SECOR,

      CASE NO.: 12-CA-5092-11-K

    Plaintiff,

vs.

MARKONE FINANCIAL, LLC,

    Defendant.
_____/

## THIRD AMENDED COMPLAINT

Plaintiff, SHAREN SECOR, by and through undersigned counsel, sues Defendant, MARKONE FINANCIAL, LLC, and in support thereof respectfully alleges the following:

This action is brought for: violations of Florida Consumer Collection Practices Act, Chapter 559.55 – 559.785, *Florida Statutes* ("FCCPA") and for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of interest, costs and attorney's fees.

2. The jurisdiction and venue for purposes of this action are appropriate and conferred by Chapter 559, Florida Statutes and 47 U.S.C.§227(b)(3), 47 U.S.C. §227(c)(5).

3. The alleged violations described in this Third Amended Complaint occurred in Seminole County, Florida.

4. At all times material hereto, Plaintiff is a resident of Seminole County, Florida.

5. MARKONE FINANCIAL, LLC is a limited liability corporation, licensed to do business in the State of Florida, and doing business in Seminole County, Florida.



## FACTS COMMON TO ALL COUNTS

6. Plaintiff is a debtor and/or alleged debtor pursuant to Florida Statute § 559.55(2).

7. MARKONE FINANCIAL, LLC is a licensed limited liability corporation, doing business in Seminole County, Florida, with its principal place of business in Jacksonville, Florida.

8. MARKONE FINANCIAL, LLC is a creditor pursuant to Florida Statute § 559.55(3) and is responsible for attempting to collect a consumer debt from Plaintiff.

9. MARKONE FINANCIAL, LLC consents of, and has knowledge and control of, the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors, subcontractors and/or contractors for an alleged consumer debt of approximately $4,500.00 related to a vehicle loan, and bearing Defendant's partial account number (***-**8419)(hereinafter the subject "debt" and/or "account").

10. Plaintiff called Defendant on September 7, 2010, to advise Defendant that her husband had suffered a massive stroke two (2) weeks prior, that he was unable to work, and that Plaintiff was living only off of her disability. Plaintiff requested a deferment or a restructuring of the remaining loan amount. Up until her husband suffered the stroke Plaintiff had an excellent payment history with the Defendant.

11. In an attempt to collect the subject debt from Plaintiff, Defendant, its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors, subcontractors and/or contractors (hereinafter referred to as "MarkOne") intentionally harassed and abused the Plaintiff on numerous occasions by calling and communicating with Plaintiff and members of Plaintiff's family, at a frequency at times of more than five (5) times during one day, on back-to-back days,

on multiple days of each week, with such frequency as can reasonably be expected to harass, all within the two (2) year period preceding the filing of this action.

12. Despite granting a deferment, Defendant continued to call, contact, communicate and converse with the Plaintiff on numerous occasions with such frequency as can be reasonably expected to harass the Plaintiff in attempt to collect the subject debt belonging to the Plaintiff. Knowing of Plaintiff's financial condition and inability to make full payments, and in an attempt to collect the subject debt from Plaintiff, Defendant willfully communicated Plaintiff and/or her husband regarding the collection of debt at issue including, but not limited to the following calls in which conversations took place: September 7, 2010, September 14, 2010, September 20, 2010, October 13, 2010, December 13, 2010, December 20, 2010, January 12, 2011, January 14, 2011, January 15, 2011, January 18, 2011, January 19, 2011, January 20, 2011, January 21, 2011, January 22, 2011, January 26, 2011, February 4, 2011, March 12, 2011, March 18, 2011, March 19, 2011, March 22, 2011, April 1, 2011, April 4, 2011, April 7, 2011, April 8, 2011, April 11, 2011, April 14, 2011, April 19, 2011, April 25, 2011, April 28, 2011, April 29, 2011, May 4, 2011, May 10, 2011, May 11, 2011, May 24, 2011, May 27, 2011, May 31, 2011, June 3, 2011, June 6, 2011, June 9, 2011, and June 10, 2011.

13. During one or more of the above referenced conversations Plaintiff would tell Defendant's representatives, "I just talked to you guys, why do you keep calling me, stop calling me."

14. Despite repeatedly telling the Defendant's representatives to stop calling her in the above telephone conversations between Plaintiff and Defendant as noted in Paragraph 12, and the Defendant's knowledge of Plaintiff's dire financial situation and, despite Plaintiff's efforts to keep in touch with Defendant concerning the status of her ability to pay, Defendant willfully and intentionally harassed and abused the Plaintiff on numerous occasions by calling

and communicating through their "LiveVox" autodialing system, leaving voicemail messages telling her they were calling on an urgent matter and needed a return call immediately, including but not limited to: September 17, 2010, January 24, 2011, January 26, 2011, March 18, 2011, April 4, 2011, April 8, 2011, April 11, 2011, April 12, 2011, April 13, 2011, April 14, 2011, April 15, 2011, April 18, 2011, April 20, 2011, April 21, 2011, April 22, 2011, April 23, 2011, April 25, 2011, April 27, 2011, April 29, 2011, May 4, 2011, May 6, 2011, May 9, 2011, May 10, 2011, May 16, 2011, May 18, 2011, May 19, 2011m May 20, 2011, May 23, 2011m May 25, 2011, May 26, 2011, May 28, 2011, May 30, 2011, May 31, 2011, June 1, 2011, June 2, 2011, June 3, 2011, and June 7, 2011.

15. Upon information and belief, each call the Defendant made to Plaintiff's cellular telephone was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, a predictive dialer, a LiveVox Predictive Dialer, a dialer using an artificial or prerecorded voice, and/or a dialer with the basic function of dialing a group of numbers en masse, without human intervention; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls").

16. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond September, 2010, when Plaintiff first advised Defendant of her situation and to stop calling Plaintiff. A listing of some, or all of Defendant's autodialer calls is set forth in the attached **Exhibit "A."**

17. Defendant's corporate policy provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

18. In a further attempt to collect the subject debt from Plaintiff, Defendant also

4

willfully communicated with Plaintiff by leaving messages on Plaintiff's FaceBook page twice on April 26, 2011 and again on May 23, 2011. In addition, Defendant also willfully contacted and communicated with Plaintiff via her email account on September 8, 2011, April 25, 2011 and June 1, 2011, by sending email messages to Plaintiff's email address.

19. In a continued attempt to collect the subject debt from Plaintiff, Defendant willfully contacted and communicated with Plaintiff in an attempt to collect the subject debt by sending text messages to Plaintiff's cellular telephone number Plaintiff on April 7, 2011, April 15, 2011, April 20, 2011, April 28, 2011, May 19, 2011 and May 20, 2011.

20. Throughout this time period Plaintiff attempted to maintain and stay current on her account with MarkOne, at times making partial payments. At no time did Defendant inform Plaintiff that they did not accept partial payments and in fact, Defendant accepted Plaintiff's partial payments including Plaintiff's partial payment of June 9, 2011.

21. Plaintiff paid $150.00 on May 23, 2011, $30.00 on June 3, 2011, and had paid them $100.00 on June 5, 2011. Markone received and accepted all three of Plaintiff's payments totaling $280.00. In fact, on May 31, 2011, Defendant called Plaintiff's telephone number at least five (5) times within a twenty-four hour period, four (4) of those calls were made to Plaintiff within one (1) hour.

22. MarkOne called Plaintiff again on June 1, 2011 and left a voicemail stating to call regarding an "urgent business matter."

23. Plaintiff returned Defendant's call on June 2, 2011 and informed them that she had just paid them $150.00 on May 23, 2011 and that she would mail a check for another $100.00 that day.

24. On June 5, 2011 Defendant called stating that Plaintiff was still fifty-eight (58) days behind on her payments. Plaintiff explained that this was not correct, and that she had been

granted a deferment for the April, 2011 payment, and to please check her loan file, and in response, MarkOne's agent, representative, and/or employee known only as Michelle, in an attempt to intimidate and scare Plaintiff stated, "Do you know this is the repo department?"

25. On June 9, 2011 at approximately 9:30 a.m., Defendant's agent and representative "Ty" called Plaintiff and asked when Plaintiff could pay what she owed, to this Plaintiff asked, "How much do I owe?" Ty answered, "$58.00." Plaintiff told Ty, I can pay $100.00 on June 15, 2011. Ty told Plaintiff he would make a note of that and hung up the telephone on Plaintiff.

26. Within four (4) hours of making the above payment arrangements with Defendant's representative, sometime between 1:00 p.m. and 3:30 p.m. on that very same day, June 9, 2011, Defendant repossessed Plaintiff's vehicle.

27. On June 9, 2011, Defendant intentionally harassed and abused the Plaintiff by telling her that she owed $58.00, when Plaintiff told Defendant she could pay that $58.00 plus an additional $42.00 in five (5) days, Defendant simply told the Plaintiff he would note the account, and leading Plaintiff to believe that such a payment would be acceptable, yet in less than four (4) hours of that telephone conversation, Defendant repossessed the vehicle/collateral, without stating or mentioning one word of any kind that Plaintiff's offer to pay $100.00 in five days was not sufficient to stop the repossession.

28. Over the period of approximately mid-September of 2010 through June 9, 2011, Defendant willfully communicated with the Plaintiff family with such frequency as can reasonably be expected to harass the Plaintiff or her family by placing telephone calls, conversing with Plaintiff, conversing with members of Plaintiff's family, leaving voicemail messages, sending text messages, sending emails at a frequency of approximately one hundred seventy-five (175) times.

29. Over the six (6) month period of approximately January of 2011 through June of

2011, Defendant willfully communicated with the Plaintiff or members of Plaintiff's family with such frequency as can reasonably be expected to harass the Plaintiff or her family by placing telephone calls, conversing with Plaintiff, conversing with members of Plaintiff's family, leaving voicemail messages, sending text messages, sending emails at a frequency of approximately one hundred sixty (160) times.

30. Defendant's aforementioned willful communications with Plaintiff or members of Plaintiff's family continued knowing full well about Plaintiff's dire financial circumstances, knowing that Plaintiff was attempting to pay what she could, knowing that Plaintiff was in constant communication with Defendant, knowing at all times where Plaintiff and the collateral on the subject debt was located, where in an effort by Defendant to exhaust Plaintiff's will and to harass and abuse Plaintiff or members of Plaintiff's family.

31. Due to the stress, anxiety, and embarrassment from the continued calls and threats by the Defendants in an attempt to coerce the Plaintiff to pay a debt, Plaintiff has sustained mental pain and suffering, severe emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

32. Plaintiff's damages pursuant to Florida Statutes including § 559.77 have occurred and are continuing as of the filing of this Complaint.

33. All conditions precedent to the filing of this action have occurred.

### COUNT I
**(Violation of the Florida Consumer Collection Practices Act "FCCPA")**

34. Plaintiff re-alleges paragraphs one (1) through thirty-three (33) above and further states:

35. Defendant is subject to and must abide by the laws of the State of Florida, including *Florida Statute* § 559.72.

36. Defendant has violated *Florida Statute* §559.72(7) by willfully communicating

with the Plaintiff or members of Plaintiff's family such frequency as can reasonably be expected to harass the Plaintiff or her family.

37. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff or any member of her family.

38. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully request judgment be entered against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
(Violation of the TCPA)

39. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-three (33) above as if fully stated herein.

40. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

41. Defendant violated the TCPA with respect to each of its autodialer calls to Plaintiff's cellular telephone number, and willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff requested Defendant to stop calling her in September, 2010.

42. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, SHAREN SECOR, demands a trial by jury of all issues so triable.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email and e-mail this ___ day of to: William J. Denius, Esq. (wjdenius@kpsos.com), Kilgore, Pearlman, Stamp, Ornstein & Squires, P.A., 2 South Orange Ave 5th Floor, Orlando, FL 32801.

Michael J. Vitoria, Esquire
Florida Bar #: 0135534
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 13th Floor
Tampa, FL 33602
(813) 223-5505
(813) 223-5402 Fax
MVitoria@forthepeople.com
AFloyd@forthepeople.com
KReynolds@forthepeople.com
Attorney for Plaintiff